DeGrasse, J.
(dissenting). I respectfully dissent and would reverse the motion court’s order to the extent it denied defendant’s motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). The issue on this appeal is whether plaintiff has stated a cause of action under Labor Law § 740 (the Whistleblower Law). Plaintiff alleges that defendant terminated her employment as a school nurse in retaliation for a report she made to the New York State Central Register of Child Abuse and Maltreatment. The report concerned a suspected incident of maltreatment of one of the school’s pupils by his parent. The operative provision *10 of Labor Law § 740 is found in subdivision (2), which reads as follows:
“2. Prohibitions. An employer shall not take any retaliatory personnel action against an employee because such employee does any of the following:
“(a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the public health or safety . . . ;
“(b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any such violation of a law, rule or regulation by such employer; or
“(c) objects to, or refuses to participate in any such activity, policy or practice in violation of a law, rule or regulation.”
Like subdivision (2) (a), subdivision (2) (c), upon which the majority relies, “is triggered only by a violation of a law, rule or regulation that creates and presents a substantial and specific danger to the public health and safety” (Remba v Federation Empl. & Guidance Serv., 76 NY2d 801, 802 [1990]). In Leibowitz v Bank Leumi Trust Co. of N.Y. (152 AD2d 169 [1989]), which the Remba Court cited with approval (76 NY2d at 802), the Appellate Division, Second Department, noted:
“Section 740 was intended to deal with a situation where, for example, an employee at a hazardous installation notices a dangerous condition, reports it, but finds that no action is taken, then reports the risk to the authorities and is fired for doing so. The hope is, of course, that the frequency of events such as those involving the pesticide plant at Bhopal, the accident at Three Mile Island, manufacture and distribution of Thalidomide, failure of the Challenger space shuttle and the like can be reduced” (152 AD2d at 176 [internal quotation marks omitted]).
Here, plaintiff has not alleged any facts from which it can be inferred that she objected to or refused to participate in any practice that implicated a substantial and specific danger to the public health or safety. “Public” means, among other things, *11 “[Relating or belonging to an entire community, state, or nation” (Black’s Law Dictionary 1264 [8th ed 2004]). The complaint itself makes no mention of public health and safety or any policy or practice that was inimical to same. In her memorandum of law plaintiff argued that “[t]he ‘activity’ of Defendant — its expressed intention not to comply with Social Services Law § 413 — will have a widespread effect on all abused children at the school and not just the one brought to Plaintiff s attention” (emphasis added). The argument is flawed because the subject single instance of suspected parental maltreatment of a child is not indicative of a schoolwide problem of child abuse or a schoolwide practice or policy of failing to report such abuse.
Rodgers v Lenox Hill Hosp. (211 AD2d 248 [1995]), which the majority cites, is distinguishable because it involved the conduct of paramedics who were required to render treatment to sick or injured members of the public. The same is true of Finkelstein v Cornell Univ. Med. Coll. (269 AD2d 114 [2000]), which involved the treatment of members of the public who were patients at a hospital. A more analogous case is Kern v DePaul Mental Health Servs. (152 AD2d 957 [1989], lv denied 74 NY2d 615 [1989]) in which the Appellate Division, Fourth Department, held that allegations of neglect of a single patient, a failure to report an incident of patient neglect, and the improper deletion of a record entry concerning the incident did not trigger Labor Law § 740. Moreover, the majority’s position that “defendant’s alleged act of firing plaintiff could potentially discourage other nurses from reporting any suspected child abuse or maltreatment” (majority op at 8 [emphasis added]) does not speak to a specific danger to public health or safety as required by Labor Law § 740.
Mazzarelli, J.E, and Catterson, J., concur with Renwick, J.; Friedman and DeGrasse, JJ., dissent in a separate opinion by DeGrasse, J.
Order, Supreme Court, New York County, entered July 9, 2010, affirmed, without costs.